## Estate of Andrew Smith.   James Smith's Appeal.

*Evidence—Presumption of payment—Specific performance—Deed.*

In 1841, C. and R. by articles of agreement sold land and delivered possession to certain parties, and by mesne sales the equitable title became vested in J. In 1865 J. by articles of agreement sold the land to A. The latter paid a part of the purchase money. After the death of A. his administrator obtained an order of the orphans' court directing the heirs of C. and R. to make a deed to him upon payment to them of the balance of the purchase money, the amount of which was duly ascertained and determined in those proceedings. The representative of A. claimed that this balance should be deducted from the balance of purchase money due J. under the articles of 1865. J. denied the right to make such deduction upon the ground that the balance alleged to be due to the heirs of C. and R. must be presumed from lapse of time to have been paid. *Held*, (1) that the decree of the orphans' court, the finding of the auditor, and the testimony in the proceedings for specific performance were prima facie sufficient to rebut the presumption relied on; (2) that the fact that J. was not a party to, or notified of, the proceeding for specific performance was unimportant in view of his failure to allege actual payment of the purchase money by the parties primarily liable for it.

Argued April 20, 1896. Appeal, No. 105, July T., 1895, by James S. Smith, from decree of O. C. Clearfield Co., dismissing exception to auditor's report. Before STERRETT, C. J. McCollum, Mitchell, Dean and Fell, JJ. Affirmed. Mitchell, J., dissents.

Exception to auditor's report.
The case was referred to Oscar Mitchell, Esq., as auditor.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was in dismissing exception to auditor's report.

*A. L. Cole*, for appellant.—After twenty years the law presumes that every debt is paid, no matter how solemn the instrument may be by which such debt is evidenced: Peters' App., 106 Pa. 340; Foulk v. Brown, 2 Watts, 209; Beale v. Kirk, 84 Pa. 415; Hughes v. Hughes, 54 Pa. 240; Briggs's App., 93 Pa. 485; Brock v. Savage, 46 Pa. 83; Strimpfler v. Roberts, 18 Pa. 283.

*W. C. Pentz*, for appellee.—The finding of an auditor upon the facts should not be disturbed unless for clear error: Gilbert v. Grim, 1 W. N. C. 306; McCarty's App., 14 Atl. Rep. 352.

Appellant could not even maintain an action of covenant to recover his purchase money as he was trying to do here without at least tendering some kind of a deed: Hamilton v. Crossman, 130 Pa. 320; 1 Am. & Eng. Ency. of Law, 229.

A court of equity will not force a title on a purchaser which is not so free from difficulty as to law and fact that on a resale an unwilling purchaser shall be unable to raise a question, which may appear to a judge sitting in equity so doubtful that a title involving it ought not to be enforced: Nicol v. Carr, 35 Pa. 381.

The vendee in this case could acquire no rights by his purchase from the vendor superior to the unpaid purchase money due the Chestnuts and Reeds. It stood in the same position as if they had a judgment or mortgage: N. Y. & Cleveland Gas Co. v. Plumer, 96 Pa. 99; Tod v. Gallagher, 16 S. & R. 261; Poke v. Kelley, 13 S. & R. 165; Gansz's App., 15 Atl. Rep. 883.

OPINION BY MR. JUSTICE McCOLLUM, October 5, 1896:

James S. Smith by articles of agreement dated January 25, 1865, sold to Andrew Smith, Jr., one hundred acres of land for $1,400, and agreed to execute and deliver to the latter a good and sufficient deed of it " clear of all incumbrances." In 1841 James Chestnut and Esther Reed owned this land, and George Cadwalader their attorney in fact sold one half of it by articles of agreement to John Beightol, and the other half of it by like articles to John Fye. The interests thus acquired by Beightol and Fye were vested in James S. Smith at the time of his sale

of the land to Andrew Smith, Jr. The latter therefore obtained by his purchase from the former the right to have a clear title to the land on payment of the sum he agreed to give for it. The legal title to the land was then in James Chestnut and Esther Reed, or their heirs, as security for whatever balances were due on the contracts with Beightol and Fye, and it was the plain duty of James S. Smith under his agreement with Andrew Smith, Jr., to pay these balances.

Andrew Smith, Jr., paid on his contract with James S. Smith $502.75 on June 1, 1865, and $810 on October 27, 1866. These payments were duly indorsed on his contract, and are undisputed. It does not appear that the balance was demanded by James S. Smith or that it was paid to him during the lifetime of Andrew Smith, Jr., and it seems to be conceded that the former never tendered a deed to the latter in accordance with the agreement between them. After the death of Andrew Smith, Jr., his legal representatives desired to have the title to the land which James S. Smith had agreed to convey to him, but they discovered that the heirs of James Chestnut and Esther Reed claimed that there were balances due to them on the Beightol and Fye contracts. An investigation in regard to this claim resulted in the establishment of it, and upon an ascertainment of the amount of the balances it was decreed by the orphans' court that upon payment of them to W. D. Bigler, attorney in fact for the claimants, he should make, execute and deliver a good and sufficient deed in fee simple for the land to A. T. McClure in trust for the widow and heirs of Andrew Smith, Jr. Under and in pursuance of this decree the administrator of Andrew Smith's estate paid the balances due on the Beightol and Fye contracts.

The question raised by the above stated facts is whether the amount paid by the Andrew Smith estate on the Beightol and Fye contracts may be deducted from the balances due James S. Smith on his contract with the decedent. The appellant rests his denial of a right to make such deduction upon the presumption of payment arising from lapse of time. But this contention ignores the decree of the court, the finding of the auditor, and the testimony of Bigler. These are prima facie at least sufficient to rebut the presumption relied on, and to cast upon the party who alleges payment the burden of showing it. In

this case the party objecting to the deduction claimed does not allege that all the purchase money called for by the Beightol and Fye contracts was paid by Andrew Smith's predecessors in title, nor directly question the existence or accuracy of the balances on said contracts that were paid by his estate. The fact that the appellant was not a party to or notified of the proceeding for specific performance becomes unimportant in view of his failure to allege actual payment of the purchase money by the parties primarily liable for it.

The contention in the court below that Andrew Smith, Jr., had a valid title to the land under and by force of the statute of limitations was sufficiently answered there, and was not renewed here. It was untenable because it was clear that neither his possession nor that of his predecessors was adverse to the title of the Chestnut and Reed heirs, and that the possession maintained by them was subordinate to it. No attempt was made on this appeal to controvert the view of the learned court below respecting the title James S. Smith was bound to make to his vendee and the effect upon that title of the outstanding claim for purchase money. We need not, therefore, discuss these matters.

Decree affirmed and appeal dismissed at the costs of the appellant.

MR. JUSTICE MITCHELL, dissenting.

The Chestnut heirs had been out of possession for fifty years, and any claim of theirs for a balance of purchase money was prima facie barred more than twice over. As against appellant they would have had to establish their claim affirmatively, but the administrator of Andrew paid it over appellant's head without notice to him, and now is permitted to defalk it out of purchase money due to appellant from Andrew. Appellant is thus charged with a debt which prima facie he does not owe, not only without proof but without a hearing.